Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB LOWRY, <br><br> Plaintiff, <br><br> vs. <br><br> BETTER DEBT SOLUTIONS, LLC; and LENDVIA, LLC; and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. <br> _____ | Case No. <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br> 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)] <br><br> **DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Telephone Consumer Protection Act., 47 U.S.C.

Complaint - 1

§227, *et seq.* (hereinafter "TCPA"). Plaintiff brings this action as a result of the illegal actions of LENDVIA, LLC and BETTER DEBT SOLUTIONS, LLC (collectively, "Defendants"), who negligently, knowingly, and/or willfully placed sales, solicitations and/or other telemarketing calls to Plaintiff's cellular telephone in violation of the TCPA.

## JURISDICTION & VENUE

2.  Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute. The TCPA provides for private rights of action, and this Court has original jurisdiction over Plaintiff's claims.

3.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within the State of California, and a substantial part of the events giving rise to the claims occurred within the County of Orange, where Plaintiff resides.

## PARTIES

4.  Plaintiff, JACOB LOWRY ("Plaintiff"), is a natural person residing in Orange County in the state of California and is a "person" as defined by 47 U.S.C. § 153 (10).

5.  Plaintiff is informed and believes, and thereon alleges, that Defendants, and all times mentioned herein were, a national limited liability company whose State of Incorporation is California. Defendants, are and at all times mentioned herein were, each a "person" as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein, Defendants conducted business in the State of California, in the County of Orange, and within this judicial district.

6.  The above-named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.  Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendant(s) and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendant(s).  Plaintiff is informed and believes that each of the acts and/or

omissions complained of herein was made known to, and ratified by, each of the other Defendant(s).

## FACTUAL ALLEGATIONS

8. Defendant Better Debt Solutions, through its marketing branch Defendant LendVia, placed numerous calls to Plaintiff's cellular telephone for the purposes of promoting debt settlement services provided by Better Debt Solutions.

9. The calls placed by Defendants to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A). These calls included robocalls and pre-recorded voicemails.

10. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

11. The telephone number that Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

12. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

13. Plaintiff never provided Defendants or their agents with prior express consent to contact Plaintiff's cellular telephone and leave voicemails,

pursuant to pursuant to 47 U.S.C. § 227 (b)(1)(A).

14. Plaintiff further advised Defendants that he no longer wished to receive calls, requesting that his number be removed from Defendant's list and that the calls stop.

15. Despite Plaintiff's request to be added to Defendants' do-not-call list, Defendants' continued to place unsolicited calls to Plaintiff's cellular telephone without his consent, including multiple calls in one day from numbers with different area codes.

16. Defendants' agents ether hung up on Plaintiff or falsely assured Plaintiff that Plaintiff's number would be removed.

17. During all relevant times, Plaintiff's cellular telephone number was registered on the National Do Not Call Registry. Defendants' actions therefore violated both internal and external do-not-call restrictions under the TCPA.

18. Plaintiff has documented numerous instances of Defendants' unlawful conduct, including:

    a. Multiple robocall voicemails left by Defendants' agents in November 2024;

    b. Receiving several calls labeled as "potential scam" within a 24-hour period in December 2024;

      c. Screenshots of approximately fifty unsolicited calls from Defendants using various area codes and originating from different states.

19. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' products.

20. Plaintiff received numerous solicitation calls from Defendants within a 12-month period.

21. Defendants continued to call Plaintiff in an attempt to solicit their products and in violation of the Do-Not-Call provisions of the TCPA.

22. Defendants' conduct violated the TCPA by:

    a) Defendants' failure to establish and implement reasonable practices and procedures, based on Plaintiff's experiences of being called by Defendants after being on the National Do-Not-Call list for several years prior to Defendants' initial call, to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).
    b) Defendants' failure to establish and implement reasonable practices and procedures, based on Plaintiff's experiences of being called by Defendants after requesting to be placed on Defendants' internal Do-Not-Call list, to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).
    c) Restricted use of Automated Telephone equipment to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 U.S.C. §227 (b)(A)(iii)).

# FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b).**
**On Behalf of Plaintiff**

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

25. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

26. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b)**
**On Behalf of Plaintiff**

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including

but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

29. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

30. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(c)**
**On Behalf of Plaintiff**

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

33. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

34. Plaintiff is also entitled to and seeks injunctive relief prohibiting such

conduct in the future.

### FOURTH CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**
**On Behalf of Plaintiff**

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

37. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

38. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C.*

*§227(b)(1),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5),* Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227(c)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 30th Day of January, 2025.

By:  s/Todd M. Friedman
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff